IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WILLIAM ANTHONY JOHNSON**,

        **Petitioner,**

v.

**R. HUDGINS, Warden,**

        **Respondent.**

**Civil No.: 3:20-CV-57
(GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 2, 2020, pro se Petitioner William Anthony Johnson filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY

#### A. Conviction and Sentence

On May 22, 2002, a grand jury in the Western District of Kentucky charged

---

[1] All CM/ECF references designated "ECF No. 1" and "ECF No. 8" refer to the instant civil action, 3:20-CV-57 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 3:02-CR-68, in the Western District of Kentucky. See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"). Because of the age of the underlying offense, not all documents are available for viewing on PACER, and thus some of the facts are taken from the docket of the case as well as Petitioner's direct appeal before the Sixth Circuit in United States v. Johnson, 440 F.3d 832 (6th Cir. 2006) and a post-conviction opinion before the district court in United States v. Johnson, 2010 WL 1141206 (W.D. Ky. Mar. 22, 2010). See also ECF No. 481.

1

Petitioner in a ten-count indictment with various violations of federal law, including the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to violate RICO, uttering counterfeit obligations, theft or receipt of stolen mail matter, bank fraud and three firearm and ammunition-related charges. Petitioner was tried by a jury and convicted of four charges: RICO, conspiracy to violate RICO, uttering counterfeit obligations, and theft or receipt of stolen mail matter. Petitioner then pled guilty to three firearm and ammunition-related counts that had been previously severed from the other counts. On January 23, 2004, the district court sentenced Petitioner to life imprisonment for the RICO and RICO-conspiracy counts, 240 months for the uttering-counterfeit-obligations count, and 60 months for the theft-or-receipt-of-stolen-mail-matter count, to be served concurrently. On each of the firearms counts to which he pled guilty, he was sentenced to an additional 30 months of imprisonment, to be served concurrently with each other and with the other sentences. Finally, the district court ordered Petitioner to pay $443,633.07 in restitution.

### B.   Direct Appeal and Post-Conviction Relief under 28 U.S.C. § 2255

On January 23, 2004, Petitioner appealed his conviction. ECF No. 193. On March 15, 2006, the Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction. United States v. Johnson, 440 F.3d 832 (6th Cir. 2006).[2]

On September 28, 2007, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, which the district court denied on April 7, 2008. ECF Nos. 411, 420, 429. In the opinion, the district court addressed the merits of Petitioner's Booker-related challenge:

---

[2] Both Petitioner and his co-defendant Christopher Stone appealed their convictions. Stone also appealed his sentence; Petitioner did not. The Sixth Circuit affirmed both Stone and Petitioner's convictions. However, the Sixth Circuit granted Stone relief from his sentence under United States v. Booker, 543 U.S. 220 (2005). Petitioner was not granted the same relief in part because he did not appeal his sentence.

> defendant's motion … raises the issue whether both trial and appellate counsel rendered ineffective assistance for their failure to raise a <u>Booker</u> defense so that, as in Stone's case, Johnson would have been entitled to a remand for re-sentencing. This sentencing disparity is the result of the government's failure to request a special verdict form in Stone's case. Under the general verdict form, it is not known whether the jury found Stone guilty of the racketeering act of Bolter's murder. In Johnson's trial, however, the jury found Johnson guilty of 9 out of 10 racketeering acts, including the murder of Bolter—a necessary jury finding to support the life sentence. Thus, because Johnson's sentence is supported by a jury rather than a judge finding of fact, the <u>Booker</u> defense was not applicable, see <u>Booker</u>, 543 U.S. 232, and counsel's performance was not deficient for the failure to raise a non-meritorious defense.

<u>Johnson v. United States</u>, No. 3:02-CR-68, 2008 WL 7445665, at *3 (W.D. Ky. Apr. 7, 2008). On April 24, 2008, Petitioner filed a motion to reconsider the April 7, 2008, ruling, which was denied on the merits on March 22, 2010. ECF Nos. 426, 481. On January 11, 2017, Petitioner filed a second § 2255 motion to vacate. ECF No. 567. The Sixth Circuit denied Petitioner's motion for authorization to file a second or successive motion to vacate. ECF Nos. 569, 570.

Subsequent to the filing of this § 2241 petition, on June 1, 2020, Petitioner filed a motion for compassionate release, which was denied on October 16, 2020. ECF Nos. 575, 587. On December 29, 2020, Petitioner filed another motion for compassionate release, which was denied by the district court on March 8, 2021. ECF Nos. 589, 598.

### C.     Instant § 2241 Claims of Petitioner

In support of his § 2241 petition before this Court, Petitioner states four grounds for relief. First, Petitioner argues that the district court imposed an illegal sentence of life imprisonment because he was never put on notice in the indictment that he could receive life imprisonment. ECF No. 1 at 5. Second, Petitioner argues ineffective assistance of counsel at the trial stage, that he was abandoned by his attorney during a critical stage

3

of the trial proceedings as his attorney failed to include affidavits that he was innocent of an act which was used to impose a sentence of life imprisonment without the possibility of release. Id. at 9. Third, Petitioner argues that the Sixth Circuit now holds that Petitioner's appellate counsel provided incompetent representation for not requesting a re-sentencing under an advisory guidelines per United States v. Booker, 543 U.S. 220 (2005). ECF No. 8. Petitioner then cites to Chase v. MaCauley, 971 F.3d 582 (6th Cir. 2020), arguing that appellate counsel's failure to raise a challenge pursuant to Alleyne v. United States, 133 S.Ct 2151 (2013) constitutes ineffective assistance. Id. For relief, Petitioner requests an evidentiary hearing to enable him to establish his claims and expand the factual basis. ECF No. 1 at 15.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

7

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Because Petitioner's direct appeal rights have expired and he has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

### A. Petitioner's Challenge to his Conviction

Petitioner argues three grounds challenging both his conviction and sentence. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that the conduct is no longer deemed to be criminal. The crimes Petitioner was convicted of committing—RICO, conspiracy to violate RICO, uttering counterfeit obligations, theft or receipt of stolen mail matter, and three counts of unlawful transport of firearms—are all still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of §

2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider it.

  **B.**  **Petitioner's Challenge to his Sentence**

  Petitioner's request for relief as to his sentence under § 2241 is also unavailable. The second prong of Wheeler requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law of this circuit or the Supreme Court changed and was deemed to apply retroactively on collateral review. Petitioner first cites to Booker, but he cannot demonstrate that such a change in the substantive law of the Supreme Court occurred subsequent to his first § 2255 motion.

  Booker was decided on January 12, 2005, which came out before his first § 2255 motion was filed in 2007 and decided in 2008. ECF Nos. 411, 420, 429. In fact, the merits of Petitioner's Booker-related challenge were decided in the ruling on his first § 2255 motion to vacate. See Johnson, 2008 WL 7445665, at *3. Thus, Petitioner cannot meet the second prong of Wheeler as it relates to his Booker-related challenge. Petitioner also cites to Alleyne v. United States, 570 U.S. 99 (2013) as a change in the substantive law of the Supreme Court. However, Alleyne was not made retroactive on collateral review. See In re Mazzio, 756 F.3d 487, 490 (6th Cir. 2014); United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019). Lastly, Petitioner cites to Chase v. MaCauley, 971 F.3d 582 (6th Cir. 2020) as a change in the substantive law of the Sixth Circuit. However, it does not appear that Chase has been deemed retroactive on collateral review either in the opinion itself or in a subsequent Sixth Circuit case. Given neither Alleyne nor Chase have been deemed to apply retroactively, Petitioner cannot satisfy the second prong of Wheeler.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenge as to his sentence also may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 4, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE