IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WILLIAM ANTHONY JOHNSON,**

      Petitioner,

v.                                   **CIVIL ACTION NO.: 3:20-CV-57
(GROH)**

**R. HUDGINS, Warden,**

      Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on February 4, 2022. ECF No. 10. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petition without prejudice. William Anthony Johnson ("Petitioner") timely filed objections to the R&R on March 25, 2022. ECF No. 15. Five months later, the Petitioner filed supplemental objections. ECF No. 16.

### I. BACKGROUND

On April 2, 2020, the Petitioner filed a § 2241 Petition, which he later amended and supplemented. Ultimately, the Petitioner advances four grounds for relief. He asserts that (1) the district court imposed an illegal sentence of life imprisonment because the

indictment did not provide notice that he could receive life imprisonment; (2) his trial counsel was ineffective; (3) his appellate counsel was ineffective for not requesting resentencing under Booker; and (4) Chase v. MaCauley, 971 F.3d 582 (6th Cir. 2020) allows an ineffective assistance of counsel claim against his appellate counsel for failing to raise an Alleyne challenge. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R appropriately describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Although the Petitioner filed 27 pages[1] of objections, the Court finds that he has presented no new material facts or arguments. Rather than articulate an objection to a finding or legal conclusion in the R&R, Petitioner's objections rehash the lengthy history of his case and recount his disagreement with various prior rulings and his life sentence.

To the extent Petitioner specifically addresses the R&R, he fails to address the legal conclusion upon which dismissal is premised. Specifically, the R&R determined that the Petitioner cannot meet the requirements under Jones to challenge his conviction or Wheeler to challenge his sentence.

The Court finds it important for the record to clarify some of the issues raised by the Petitioner throughout this proceeding. He contends that the maximum penalty under the federal RICO is 20 years imprisonment, so his life sentence is unconstitutional. However, as the District Court for the Western District of Kentucky has previously explained, "the jury found Johnson guilty of 9 out of 10 racketeering acts, including the murder of Bolter—a necessary jury finding to support the life sentence." United States v. Johnson, No. 3:02-CR-68, 2008 WL 7445665, at *3 (W.D. Ky. Apr. 7, 2008). The Petitioner has persistently attempted to litigate this issue for at least the past 15 years. See United States v. Johnson, ECF No. 420 No. 3:02-CR-68, at 6 (W.D. Ky. Mar. 4, 2008).

The statute is clear: "Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (**or for life if the**

---

[1] The Court notes that objections are limited to 10 typewritten pages. Nonetheless, the Court read and considered every page of the Petitioner's objections.

**violation is based on a racketeering activity for which the maximum penalty includes life imprisonment**), or both . . . ." 18 U.S.C. § 1963 (emphasis added).

The Petitioner's convictions and sentence have been upheld through numerous similar, if not identical, legal challenges. The bottom line is that this Court lacks jurisdiction to consider the Petitioner's arguments in this § 2241 proceeding. However, there is nothing before the Court that has not already been considered and soundly rejected by several other federal courts.

As to the remainder of the Petitioner's objections, the Court finds that de novo review is not required because the objections present no new legal arguments, and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Petition is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** March 16, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE